UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Francis T. Cruz,

    Plaintiff,

v.

Maven, LLC, *et al.*,

    Defendants.

Case No. 2:23-cv-746

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Francis T. Cruz ("Plaintiff") moves to remand this case to state court. ECF No. 6. For the following reasons, Plaintiff's motion is **DENIED**.

Plaintiff also moves to stay discovery pending resolution of the motion to remand. ECF No. 16. Because this Opinion and Order resolves the motion to remand, Plaintiff's motion to stay is **DENIED AS MOOT**.

### I. BACKGROUND

Plaintiff is a former employee of Maven, LLC ("Maven"), which performs staffing and placement services in the information technology field. Compl. ¶¶ 13–14, ECF No. 4. During the relevant times, Suresh Rachuri ("Rachuri," together with Maven, "Defendants") was the Chief Executive Officer of Maven. *Id.* ¶ 16. Plaintiff alleges that, during her employment, Rachuri made several inappropriate comments on the basis of Plaintiff's sex and disability. *See generally, id.* Plaintiff asserts, *inter alia*, claims for gender discrimination, disability discrimination, and retaliation. *Id.* ¶¶ 202–49.

Relevant to this Order, Plaintiff alleges that she is disabled, that Defendants treated her differently than similarly-situated employees because of her disability, and that Defendants wrongfully terminated Plaintiff because of her disability. *Id.* ¶¶ 224–35. Plaintiff alleges that this conduct violated Ohio Revised Code § 4112.02 and the Americans with Disabilities Act (the "ADA"). *Id.* ¶¶ 236–40.

Plaintiff filed her Complaint in the Franklin County Court of Common Pleas. *Id.* Defendants timely filed a notice of removal and removed the case to this Court. Notice ¶ 15, ECF No. 1.

## II. STANDARD OF REVIEW

28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]" 28 U.S.C. § 1441(a). The party seeking removal "has the burden to establish federal subject-matter jurisdiction." *Tennial v. Bank of Am., N.A.*, No. 17-6377, 2020 WL 2530872, at *1 (6th Cir. 2020) (citation omitted). Any "doubts as to the propriety of removal are resolved in favor of remand." *Nessel ex rel. Michigan v. AmeriGas Partners, L.P.*, 954 F.3d 831, 834 (6th Cir. 2020) (internal quotation marks and citations omitted).

## III. ANALYSIS

Plaintiff moves to remand this case to state court. Mot., ECF No. 6. Plaintiff argues that removal was improper because this Court lacks subject-matter jurisdiction. *Id.*

Defendants maintain that removal was proper and that the Court has subject-matter jurisdiction because the face of the Complaint raises a federal question: whether Defendants violated the ADA. Resp., ECF No. 12.

When a defendant seeks removal on the basis of federal question jurisdiction, the defendant "bears the burden of demonstrating that the case as pled falls within the federal question jurisdiction of the district court." *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1061 (6th Cir. 2008) (citation omitted). The "scope of removal jurisdiction based on the existence of a federal question . . . is considered to be identical to the scope of federal question jurisdiction under [28 U.S.C.] § 1331." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (internal quotation marks and citations omitted); *see also Goodwin v. Am. Marine Express, Inc.*, No. 1:18CV1014, 2019 WL 257699, at *2 (N.D. Ohio Jan. 18, 2019) (observing the same identity-of-scope for federal question jurisdiction following the amendment to 28 U.S.C. § 1441).

A Court has federal-question jurisdiction under 28 U.S.C. § 1331 for cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a cause of action arises under federal law must be apparent from the face of the 'well-pleaded complaint.'" *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) (citation omitted).

Here, there is a federal question on the face of Plaintiff's Complaint. Specifically, Plaintiff alleges that Defendants "violated [t]he American[s] with Disabilities Act." Compl. ¶ 240, ECF No. 4. The Complaint also alleges facts to

support an ADA claim: Plaintiff alleges that she is disabled and that she suffered an adverse employment action because of her disability. *Id.* ¶¶ 224–42. In other words, Plaintiff does not merely make a passing reference to a federal statute, which may have been insufficient to create federal question jurisdiction. *See Eastman*, 438 F.3d at 549–54 (concluding there was no federal question where the plaintiff referenced federal law as a source of public policy). Rather, Plaintiff alleges that Defendants violated federal law and further alleges specific facts to support a claim under that law. Thus, from the face of the Complaint, there is federal question jurisdiction, and removal was proper.

Plaintiff raises several arguments in support of her motion to remand: (1) the reference to the ADA was a typographical error and, therefore, should not be considered for purposes of subject-matter jurisdiction; (2) Plaintiff lacks a right-to-sue letter for an ADA claim; and (3) Plaintiff could amend her Complaint to remove reference to the ADA. Mot., ECF No. 6. None of these arguments is persuasive.

Argument One: the reference to the ADA was an error. Plaintiff argues that she erroneously included the reference to the ADA in her Complaint. Mot., ECF No. 6. Plaintiff contends that this "typo" is insufficient to create federal question jurisdiction. *Id.*

As discussed above, jurisdiction is determined based on the *face* of the Complaint; it is not determined based on allegations that exist only in a plaintiff's mind. Neither the Court nor a defendant are mind-readers; neither can know

what a plaintiff *meant* to plead. *Square D Co. v. Plastech Engineered Prod., Inc.*, No. 1:06CV2857, 2006 WL 3762088, at *2 (N.D. Ohio Dec. 20, 2006) ("This Court cannot be expected to read the minds of counsel or to discern the expectations of the parties which are not committed to writing."). The Court and opposing parties can know only what a plaintiff *actually* alleges in a Complaint. *See Briksza v. Whole Foods Mkt. Inc.*, No. 21-10621, 2021 WL 5827020, at *1 (E.D. Mich. Dec. 8, 2021) (explaining that a complaint must be sufficiently clear so that "the Court and the defendants are not left to guess" at what claims and factual allegations a plaintiff asserts).

As explained above, the Complaint *as written* raises a federal question in the form of an ADA claim. That something different was in Plaintiff's mind does not change that. *Cf. Crest A Apartments Ltd. II v. United States*, 52 Fed. Cl. 607, 613 (Fed. Cl., 2002) ("[T]he court will not consider claims asserted by [the plaintiff] in its motion but not pleaded in its complaint."). Thus, Argument One fails.

Argument Two: that Plaintiff lacks a right-to-sue letter. Plaintiff argues she could not have asserted an ADA claim because she has not received a right-to-sue letter from the EEOC. Mot., ECF No. 6. Thus, according to Plaintiff, she could not, and did not, craft a "well-pleaded" complaint as to the ADA claim. *Id.* Defendants assert that Plaintiff has, in fact, received a right-to-sue letter. Resp., ECF No. 12. Regardless of whether Plaintiff has received a right-to-sue letter, this argument is unavailing.

Obtaining a right-to-sue letter in discrimination cases is not a jurisdictional matter; it is a claims-processing rule. *Alexander v. Univ. of Memphis*, No. 20-5426, 2021 WL 2579973, at *3 (6th Cir. June 7, 2021) ("The EEOC exhaustion requirement is not jurisdictional; instead, it is a claim-processing rule." (citing cases)). Thus, a plaintiff's failure to get a right-to-sue letter is similar to an affirmative defense or a condition precedent: if a defendant does not timely raise the lack of a right-to-sue letter, there is nothing improper about the Court consider the discrimination claim in the letter's absence. *See Kalyango v. Ohio University*, No. 2:22-cv-2028, 2023 WL 2499867, at *6 (S.D. Ohio, 2023) ("Defendants can forfeit the [lack-of-a-right-to-sue-letter] defense if they fail to raise it in a timely manner or the parties can agree to waive the Plaintiff's requirement to obtain a right to sue letter." (citation omitted)). In other words, Plaintiff could have properly asserted an ADA claim, even if she never received a right-to-sue letter. Without such a letter, her claim may not have succeeded, but there would have been nothing improper or incorrect about Plaintiff asserting the claim. Accordingly, Argument Two is without merit.

Argument Three: amending the Complaint. Plaintiff argues that she could amend her Complaint to remove any mention of the ADA. Mot., ECF No. 6. Plaintiff argues that if she amended her Complaint, she could "fix the simple mistake" of referring to the ADA. *Id*.

Even if Plaintiff so-amended her Complaint, it would not affect the propriety of removal. "The existence of subject matter jurisdiction is determined by

examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). Additionally, when removal is properly based on federal question jurisdiction, post-removal events generally do not deprive the Court of jurisdiction. *Id.* at 211. Thus, because the Court had subject-matter jurisdiction at the time of removal, Plaintiff amending the Complaint after removal would have no legal impact.[1]

Further, pursuant to Federal Rule of Civil Procedure 15, Plaintiff had the opportunity to amend her Complaint without leave of court from the date of removal, February 23, 2023, until three weeks after Defendants' Answer, which would have been March 23, 2023. Fed. R. Civ. P. 15(a). Plaintiff did not do so. Plaintiff's decision not to amend her complaint belies her contention that she does not wish to assert an ADA claim. In short, Argument Three is unavailing.

In sum, the face of the Complaint raises a federal question because it alleges that Defendants violated the ADA. As such, the Court has subject-matter jurisdiction over the case and removal was proper. Moreover, as all of Plaintiff's claims stem from a "common nucleus of operative fact" —Plaintiff's alleged mistreatment during her employment with Maven—the Court may properly exercise supplemental jurisdiction over the state-law claims. *See Harper*, 392 F.3d at 209.

---

[1] Although the citizenship of Maven is not entirely clear, it seems likely that it is a citizen of Ohio. If that is true, the Court would also have diversity jurisdiction over this case.

## IV. CONCLUSION

For these reasons, Plaintiff's motion to remand, ECF No. 6, is **DENIED**; Plaintiff's motion to stay, ECF No. 16, is **DENIED AS MOOT**. The Clerk shall terminate ECF Nos. 6 and 16.

**IT IS SO ORDERED.**

*[signature]*

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**